James M. Wood (State Bar No. 58679)
Colleen T. Davies (State Bar No. 111371)
Meghan K. Landrum (State Bar No. 222264)
REED SMITH LLP
1999 Harrison Street, Suite 2400
Oakland, CA 94612-3572
Email: jmwood@reedsmith.com
       cdavies@reedsmith.com
       mklandrum@reedsmith.com
**Mailing Address:**
P.O. Box 2084
Oakland, CA 94604-2084

Telephone:   510.763.2000
Facsimile:   510.273.8832

Attorneys for Defendant
Eli Lilly and Company, a corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ROGERS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ELI LILLY AND COMPANY, and DOES ONE through FIFTEEN, inclusive,<br><br>　　　　　Defendant. | No. C 07-2826 EDL<br><br>Before the Honorable Elizabeth D. Laporte<br><br>**DEFENDANT ELI LILLY AND COMPANY, A CORPORATION'S ANSWER TO COMPLAINT AND JURY DEMAND** |

　　　　Defendant Eli Lilly and Company, a corporation ("Lilly"), for itself only and not for any alleged "John Doe" defendants, hereby answers plaintiff's Complaint for Damages as filed in the U.S. District Court for the Northern District of California Action No. C07-2826 EDL ("Complaint") by and through the undersigned counsel. The following numbered paragraphs correspond to the numbered paragraphs in plaintiff's Complaint.

# JURY DEMAND

Lilly admits that plaintiff has demanded a jury trial in this action.

# PRELIMINARY ALLEGATIONS

1. Admitted.

2. Lilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint.

3. Lilly denies the allegations contained in Paragraph 3 of the Complaint, except admits that it is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in Indianapolis, Indiana.

4. Lilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint regarding defendants Does 1-15. The remaining allegations contained in Paragraph 4 of the Complaint are denied..

5. Lilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in contained in Paragraph 5 of the Complaint regarding defendants Does 1-15. The remaining allegations contained in Paragraph 5 of the Complaint are denied.

6. Lilly denies the allegations contained in Paragraph 6 of the Complaint, except admits that (i) Lilly researched, tested, developed, manufactured, marketed, and sold Zyprexa® to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication; (ii) Lilly is a corporation organized and existing under the laws of the State of Indiana with its principal place of business in

Indianapolis, Indiana; and (iii) at certain times Lilly has been authorized to do business in the State of California and in this judicial district.

7. Lilly denies the allegations contained in Paragraph 7 of the Complaint, except Lilly is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint regarding plaintiff Steven Rogers' prescription and ingestion of Zyprexa.

8. Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9. Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint, except admits that (i) Zyprexa is approved by the FDA for the treatment of schizophrenia, the treatment of acute mixed or manic episodes associated with Bipolar I Disorder, and maintenance monotherapy for Bipolar Disorder; (iii) the combination of Zyprexa with Lithium or Valproate is indicated for the short-term treatment of acute manic episodes associated with Bipolar I Disorder; and (iv) Zyprexa is a psychotropic agent that belongs in the thienzobenzodiazepine class of medications also known as "atypical antipsychotics."

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint, except admits that Lilly researched, tested, developed, manufactured, marketed, labeled, and sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint, except admits that Lilly researched, tested, developed, manufactured, marketed, and sold Zyprexa to independent pharmaceutical wholesalers, for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

15. Lilly denies the allegations contained in Paragraph 15 of the Complaint, except admits that Lilly (i) researched, tested, developed, manufactured, marketed, and sold Zyprexa to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication; and (ii) at certain times Lilly has been authorized to do business in the State of California and in this judicial district.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly is without knowledge as to plaintiff's meaning of the term "total profits," and therefore denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly admits that medical literature reporting on medical research involving Zyprexa is published in multiple medical journals, but denies plaintiff's description of the literature to the extent that it conflicts with such literature when read in context and in its entirety. Lilly denies the remaining allegations contained in Paragraph 19 of the Complaint.

20.    Lilly denies the allegations contained in Paragraph 20 of the Complaint, except is without sufficient knowledge or information to form a belief regarding the allegations regarding plaintiff Steven Rogers' physicians reliance.

21.    Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22.    Lilly denies the allegations contained in Paragraph 22 of the Complaint.

### FIRST CAUSE OF ACTION
### (Strict Liability in Tort; Failure to Warn)

23.    Lilly reiterates and incorporates the responses to Paragraphs 1 through 22, above, as if fully set forth herein.

24.    Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25.    Lilly denies the allegations contained in Paragraph 25 of the Complaint.

26.    Lilly denies the allegations contained in paragraph 26 of the Complaint.

27.    Lilly denies the allegations contained in Paragraph 27 of the Complaint.

28.    Lilly denies the allegations contained in Paragraph 28 of the Complaint.

29.    Lilly denies the allegations contained in Paragraph 29 of the Complaint.

30.    Lilly denies the allegations contained in Paragraph 30 of the Complaint.

## SECOND CAUSE OF ACTION
### (Strict Products Liability)

31. Lilly reiterates and incorporates the responses to Paragraphs 1 through 30, above, as if fully set forth herein.

32. Lilly denies the allegations contained in Paragraph 32 of the Complaint.

33. Lilly denies the allegations contained in Paragraph 33 of the Complaint.

34. Lilly denies the allegations contained in Paragraph 34 of the Complaint.

35. Lilly denies the allegations contained in Paragraph 35 of the Complaint.

36. Lilly denies the allegations contained in Paragraph 36 of the Complaint.

37. Lilly denies the allegations contained in Paragraph 37 of the Complaint.

## THIRD CAUSE OF ACTION
### (Negligence)

38. Lilly reiterates and incorporates the responses to Paragraphs 1 through 37, above, as if fully set forth herein.

39. Lilly denies the allegations contained in Paragraph 39 of the Complaint, except admits that it had a duty to exercise reasonable care in the research, testing, development, manufacture, labeling, marketing, and sale of Zyprexa. Lilly denies that it breached such a duty.

40. Lilly denies the allegations contained in Paragraph 40 of the Complaint. By way of further response, Lilly admits that it had a duty to exercise reasonable care in the research,

testing, development, manufacture, labeling, marketing, and sale of Zyprexa. Lilly denies that it breached such a duty

41. Lilly denies the allegations contained in Paragraph 41 of the Complaint.

42. Lilly denies the allegations contained in Paragraph 42 of the Complaint.

43. Lilly denies the allegations contained in Paragraph 43 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

44. Lilly reiterates and incorporates the responses to Paragraphs 1 through 43, above, as if fully set forth herein.

45. Lilly denies the allegations contained in Paragraph 45 of the Complaint, except admits that it (i) researched, tested, developed, manufactured, marketed, and sold Zyprexa with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time; and (ii) it sold Zyprexa to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

46. Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Complaint relating to plaintiff Steven Rogers and his agents.

47. Lilly denies the allegations contained in Paragraph 47 of the Complaint.

48. Lilly denies the allegations contained in Paragraph 48 of the Complaint.

## FIFTH CAUSE OF ACTION
### (Breach of Express Warranty)

49. Lilly reiterates and incorporates the responses to Paragraphs 1 through 48 above, as if fully set forth herein.

50. Lilly denies the allegations contained in Paragraph 50 of the Complaint.

51. Lilly denies the allegations contained in Paragraph 51 of the Complaint, except admits that it (i) researched, tested, developed, manufactured, marketed, and sold Zyprexa with proper warnings, information, cautions, and instructions in conformity with generally recognized and prevailing standards in existence at the time; and (ii) it sold Zyprexa to independent pharmaceutical wholesalers for use only upon prescription by a licensed physician, in accordance with applicable laws and regulations, and for its approved indications with FDA-approved warnings regarding the risks and benefits of the medication.

52. Lilly denies the allegations contained in Paragraph 52 of the Complaint, except is without sufficient knowledge or information to form a belief regarding the allegations concerning plaintiff Steven Rogers' and his physicians' reliance.

53. Lilly denies the allegations contained in Paragraph 53 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Fraud)

54. Lilly reiterates and incorporates the responses to Paragraphs 1 through 53, above, as if fully set forth herein.

55. Lilly denies the allegations contained in Paragraph 55 of the Complaint.

56. Lilly denies the allegations contained in Paragraph 56 of the Complaint.

No.: C 07-2826 EDL — 8 —

Defendant Eli Lilly And Company, A Corporation's Answer To Complaint And Jury Demand

57. Lilly denies the allegations contained in Paragraph 57 of the Complaint.

58. Lilly denies the allegations contained in Paragraph 58 of the Complaint.

59. Lilly denies the allegations contained in Paragraph 59 of the Complaint.

60. Lilly denies the allegations contained in Paragraph 60 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

61. Lilly reiterates and incorporates the responses to Paragraphs 1 through 60, above, as if fully set forth herein.

62. Lilly denies the allegations contained in Paragraph 62 of the Complaint, except admits that it had a duty to exercise reasonable care in the research, testing, development, manufacture, labeling, marketing, and sale of Zyprexa. Lilly denies that it breached such a duty.

63. Lilly denies the allegations contained in Paragraph 63 of the Complaint.

64. Lilly denies the allegations contained in Paragraph 64 of the Complaint, except Lilly is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 of the Complaint relating to plaintiff Steven Rogers and his physicians' reliance.

65. Lilly denies the allegations contained in Paragraph 65 of the Complaint.

66. Lilly denies the allegations contained in Paragraph 66 of the Complaint.

67. Lilly denies the allegations contained in Paragraph 67 of the Complaint.

68. Lilly denies the allegations contained in Paragraph 68 of the Complaint.

69. Lilly denies the allegations contained in Paragraph 69 of the Complaint.

### EIGHTH CAUSE OF ACTION
### (Fraud by Concealment)

70. Lilly reiterates and incorporates the responses to Paragraphs 1 through 69, above, as if fully set forth herein.

71. Lilly denies the allegations contained in Paragraph 71 of the Complaint, except admits that it had a duty to exercise reasonable care in the research, testing, development, manufacturing, labeling, marketing, and sale of Zyprexa. Lilly denies that it breached such a duty.

72. Lilly denies the allegations contained in Paragraph 72 of the Complaint, except admits that it had a duty to exercise reasonable care in the research, testing, development, manufacturing, labeling, marketing, and sale of Zyprexa. Lilly denies that it breached such a duty.

73. Lilly denies the allegations contained in Paragraph 73 of the Complaint.

74. Lilly denies the allegations contained in Paragraph 74 of the Complaint.

75. Lilly denies the allegations contained in Paragraph 75 of the Complaint.

76. Lilly denies the allegations contained in Paragraph 76 of the Complaint.

77. Lilly denies the allegations contained in Paragraph 77 of the Complaint.

78. Lilly denies the allegations contained in Paragraph 78 of the Complaint.

79.  Lilly denies the allegations contained in Paragraph 79 of the Complaint.

## PRAYER FOR RELIEF

Lilly incorporates by reference, as though fully set forth herein, its answer to each and every allegation contained in each Paragraph of the Complaint. Lilly denies that plaintiff is entitled to any of the requested relief set forth in the final Paragraph of the Complaint.

## PREAMBLE TO AFFIRMATIVE DEFENSES

Lilly reserves the right to rely upon any of the following or any additional defenses to each claim for relief asserted by plaintiff to the extent that such defenses are supported by information developed through discovery or by evidence at trial.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations, including but not limited to, the provisions of Civil Procedure Code Section 335.1.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper in this judicial district.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines. At all relevant times herein, plaintiff's prescribing physicians were in the position of learned intermediaries and/or sophisticated purchasers, fully knowledgeable and informed with respect to the risks and benefits of Zyprexa.

## FIFTH AFFIRMATIVE DEFENSE

The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of the plaintiff and/or others, over whom Lilly exercised no control, had no opportunity to anticipate or right to control, and with whom Lilly had no legal relationship by which liability could be attributed to it because of the actions of the plaintiff and/or others, which, by comparison was far greater than any conduct alleged as to Lilly.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by plaintiff's failure to exercise reasonable care and diligence to mitigate plaintiff's alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted by federal law in that Zyprexa was manufactured and labeled in a manner consistent with the state of the art at the pertinent time and approved by the FDA.

## EIGHTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the doctrines concerning unavoidably unsafe products, including, but not limited to, the operation of comments j and k to Section 402A of the Restatement (Second) of Torts and/or barred by the Restatement (Third) of Torts.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred because there is no privity of contract between plaintiff and Lilly; plaintiff failed to give timely notice of any alleged breach of warranty to Lilly; plaintiff did not reasonably rely upon any alleged warranty; plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded, or modified.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable provisions of the United States Constitution, the California Constitution, and/or the applicable Constitution of any other State or Commonwealth of the United States whose laws might be deemed controlling in this case. These provisions include, but are not limited to, the First Amendment to the Constitution of the United States and/or Article I, Section 2 of the Constitution of the State of California because Lilly's commercial speech regarding Zyprexa was neither false nor misleading.

### ELEVENTH AFFIRMATIVE DEFENSE

Lilly alleges that plaintiff was fully informed of the risks of the use of the product made the subject of this action by the treating physician(s), and the informed consent given by plaintiff is pleaded as an affirmative defense.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

a.   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof that is less

than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

   c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

   d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

   e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

   f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

   g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution;

      h.      The award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law; and

      i.      The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### THIRTEENTH AFFIRMATIVE DEFENSE

With respect to plaintiff's demand for punitive or exemplary damages, Lilly specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards including, but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including Zyprexa, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the relief prayed for in plaintiff's Complaint would impede, impair, frustrate, or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiff's claims are based on alleged misrepresentations made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiff's Legal Committee*, 531 U.S. 341 (2001).

### SIXTEENTH AFFIRMATIVE DEFENSE

The injuries or damages allegedly sustained by plaintiff can be attributed to several causes and, accordingly, should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any. If any liability is found against Lilly, and such liability being expressly denied, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and, as such, the liability of Lilly to plaintiff for non-economic loss shall be limited, and shall not exceed Lilly's equitable share.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any verdict or judgment rendered against Lilly must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation, or employee benefit programs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The provisions of California Civil Code § 1431.2 are applicable to the Complaint and each claim for relief therein.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for strict products liability based upon design defect are barred by California law, which holds that a pharmaceutical manufacturer's liability for a defectively designed drug shall not be measured by the standards of strict liability. *Brown v. Superior Court (Abbott Labs.)*, 44 Cal. 3d 1049, 1061 (1988); *see also Armstrong v. Optical Radiation Corp.*, 50 Cal. App. 4th 580, 595 (1996); *Hufft v. Horowitz*, 4 Cal. App. 4th 8, 13-17 (1992).

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's purported allegations of misrepresentation and fraud fail to state a cause of action as a matter of law because, among other deficiencies, plaintiff fails to plead with specificity

any false misrepresentation as to a material fact and/or reliance on the part of plaintiff upon any such material fact.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover treble damages against Lilly because he alleges no purported violations of any statutory provisions allowing for the recovery of such damages.

WHEREFORE, Defendant Eli Lilly and Company requests that plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Lilly be awarded the costs, disbursements, and attorney's fees incurred in the defense of this action, and that Lilly be granted any other relief to which it may be entitled.

DATED: September 10, 2007.                                      REED SMITH LLP

                                                                By    /s/ James M. Wood
                                                                      James M. Wood
                                                                      Colleen T. Davies
                                                                      Meghan K. Landrum
                                                                      Attorneys for Defendant
                                                                      Eli Lilly and Company, a corporation

# JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant Eli Lilly and Company hereby demands a trial by jury as to all issues so triable.

DATED: September 10, 2007

                          REED SMITH LLP

                          By    /s/ James M. Wood
                                James M. Wood
                                Colleen T. Davies
                                Meghan K. Landrum
                                Attorneys for Defendant
                                Eli Lilly and Company, a corporation

DOCSOAK-9883854.3-MKLANDRUM